Evans, J.
delivered the opinion of the Court.
The promise relied on to remove the bar of the Statute of Limitations, is the conversation of Mrs. Nunan with her attorney, Mr. Buist, in 1844. This is stated in the report to be as follows —-“that the plaintiff was to receive compensation for his services; she said she had never paid him.” This is *352 dearly not such a promise as would revive a debt already barred, according to the rule laid down in Young v. Montpoey, 2 Bail. 278. But as only a part of the demand now claimed was then barred, it is contended that the admission is sufficient to arrest the Statute as to all then due, and not barred by the Statute, The case of Young v. Montpocy was of a debt already barred, and it is then said that the rule is not so strict but that slight promises will suffice in cases where the bar is not complete at the time, Within this rule, and on the authority of the case decided before, I suppose such a declaration as is above stated, if made to the plaintiff or his agent, and had reference to any particular debt or demand, might be sufficient. But it was a conversation with her own attorney, and there is nothing in the evidence to connect that admission with the claim set up in this action. It amounts to nothing more than this — that the plaintiff had rendered her some services for which she had not paid, but expected to pay — but what the services were, or what was-to be paid for them, is left entirely uncertain. She could not have meant the amount now sued for, as it is not pretended that at that time the plaintiff had made out any account against her. The rule laid down in Lockhart v. Eaves, Dudley’s Rep. 321, is, that acknowledgments, or promises, to .qbíróte the Statute of Limitations, are not sufficient, unless fthey specify or plainly refer to some particular demand or Cpuiseof action — and the same rule was applied in the case of Williamson v. Bacot, decided in Columbia, May T. 1837. There ,the proof was, the defendant had promised not to plead the Statute of. Limitations, and it was held to be too general. Jt ¡should .have applied to some particular debt or cause of .action. The case of Bonethea ads. Johnson, is not to the contrary. There the promise to settle had reference to the particular cause .of action sued on. Nor do I remember to have ¡seen any case .at variance with this rule. I am therefore of opinion that the.admission proved does not prevent the bar of the Statute .of all .that part of the account which had accrued four yéars and nine months before action brought. This goes-back to January, 1842: and according to this, there is one .hundred and twenty-four dollars and six cents which the plaintiff ought not to have recovered. If the plaintiff will release this, the motion is dismissed — if not, a new trial is ordered.
Richardson, J. O’Nearl, J. Wardeaw, J. and Frost, J. concurred.
Withers, J. absent.

Motion refused, nisi